<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 29, 2021

Corey McGill
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887
*Pro Se Defendant*

Joseph Gribko, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

  **Re:** *United States v. Corey McGill*
     **Criminal Action No. 07-00255 (SDW)**

Litigants:

  Before this Court is Defendant Corey McGill's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 53.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## <u>DISCUSSION</u>

**A.**

  Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Accordingly, under the FSA, "a defendant seeking a [statutorily authorized modification] in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the BOP to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) [("Section 3553")] warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

### B.

On March 11, 2008, Defendant pleaded guilty to a two-count information, which charged him with conspiracy to commit witness tampering by the use of force and use of a firearm in furtherance of a crime of violence. (D.E. 54 at 2); 21 U.S.C. §§ 1512(a)(2)(C), 1512(k), 924(c)(1)(A)(i). Defendant's criminal history qualified him as a career offender, and this Court sentenced him to an aggregate 211 months' incarceration. (D.E. 54 at 3.) Defendant is currently serving his sentence at the Federal Correctional Institution, Allenwood Medium ("FCI Allenwood") in White Deer, Pennsylvania. (D.E. 53.)

On July 21, 2020, Defendant filed a *pro se* Motion for Compassionate Release (D.E. 53), and on March 11, 2021, the Government opposed (D.E. 54). Defendant's Motion states that Defendant emailed his compassionate release request ("Request") to the FCI Allenwood warden

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

2

on June 4, 2020.  (*See* D.E. 53.)  However, the Motion is unclear as to whether the BOP issued a determination regarding the Request, or whether Defendant exercised any right to appeal that determination.  (*See id*. at 2.)

Defendant's Motion goes on to assert that he has "multiple vital issue[s] and family circumstances that … warrant" his early release.  (D.E. 53 at 1.)  The Motion does not refer to any specific health conditions, instead noting that Defendant's family is out of work and could use his assistance at home.  (*Id*. at 2-3.)  Defendant also asserts that the BOP would save the "cost per year" of incarcerating him by commuting the remainder of his sentence.  (*Id.* at 4.)

In opposition, the Government argues that Defendant has failed to articulate any "specific medical or family issues" that would leave him at increased risk of severe COVID-19, and thus does not meet the "extraordinary and compelling" standard for early release.  (D.E. 54 at 3-4.)  The Government does not contest exhaustion.  (*See generally id*.)

### C.

This Court may not waive the FSA's administrative exhaustion requirements, which are statutorily created.[2]  *See, e.g.*, *Raia*, 2020 WL 1647922 at *2; *Massieu v. Reno*, 91 F.3d 416, 419 (3d Cir. 1996).  Here, although the briefing avers that Defendant submitted his Request to the BOP, it is vague as to whether Defendant properly exhausted any appeals regarding that Request prior to filing this Motion.  (*See* D.E. 53.)  Nonetheless, Defendant's Motion asserts that he has exhausted his claims and that he is properly before this Court, (*id*. at 2), and the Government does not contest exhaustion or provide any additional clarity as to whether Defendant has met the procedural requirements (*see* D.E. 54).  Therefore, this Court will accept Defendant's averments regarding exhaustion and assess whether he has established "extraordinary and compelling reasons" in support of compassionate release.[3]

The mere existence of the COVID-19 pandemic provides an insufficient basis to grant a sentence reduction.  *Raia*, 954 F.3d at 597.  Here, the Motion does not aver that Defendant suffers from any specific medical conditions that would leave him at a higher risk for severe COVID-19.  (D.E. 53.)  After examining Defendant's medical records, this Court cannot identify any medical conditions that increase Defendant's risk as it pertains to this particular virus.  (*See* D.E. 54-2 at 4 (describing knee pain); *id.* at 14 (noting that Defendant suffers from hypertension)[4]; *id.* at 16 (noting that Defendant does not suffer from Diabetes or a Body Mass Index greater than or equal to 30).)  Further, it seems that any heightened risk Defendant may have faced due to the conditions at FCI Allenwood has declined, as the facility seems to have rectified its prior disease outbreak.

---

[2] This Court may only assess the merits of Defendant's Motion if it was filed after he had "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or after 30 days have passed "from the receipt of such a request by the [FCI Allenwood] warden . . . ."  18 U.S.C. § 3582(c)(1)(A).

[3] It is appropriate to liberally construe *pro se* motions for compassionate release.  *See Cavigliano v. United States*, Civ. No. 20-5949, 2020 WL 4218008, at *2 (D.N.J. July 23, 2020); *United States v. Higgins*, Civ. No. 3:16-CR-16, 2020 WL 6135683, at *1 n.2 (M.D. Pa. Oct. 19, 2020).

[4] According to the Centers for Disease Control and Prevention ("CDC"), it is not clear that hypertension places Defendant at a higher risk for severe COVID-19.  *See* CDC (Mar. 23, 2021 at 11:00 A.M.), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

(*See* D.E. 54 at 14.) Therefore, although this Court is sympathetic to Defendant's concerns regarding the spread of the virus, "a generalized fear of contracting COVID-19 is insufficient" to support Defendant's request for a sentence reduction. *See Jose D. M. v. Barr*, 456 F. Supp. 3d 626, 634 (D.N.J. 2020) (collecting cases); *United States v. Atiba*, Crim. No. 14-699-08, 2021 WL 238232, at *3–4 (D.N.J. Jan. 25, 2021) (denying motion for compassionate release where defendant had a BMI in excess of 30, hypertension, and type II diabetes).

Additionally, the Section 3553 factors seem to weigh against Defendant's early release. *See* 18 U.S.C. § 3553(a). This Court must ensure that, should Defendant's sentence be reduced, the reduced sentence still "reflect[s] the seriousness of the offense" and "promote[s] respect for the law." 18 U.S.C. § 3553(a)(2)(A). Here, Defendant's crimes were serious, violent, and involved illegally modified weapons. (D.E. 54 at 14.) Concerningly, Defendant's behavior suggests a pattern of recidivism spanning more than a decade, and his disrespect for the rule of law seems to have continued at FCI Allenwood. (*See id.*) There, Defendant's disciplinary record includes regular sanctions for threatening staff and fighting with his fellow inmates. (*Id.* at 16; D.E. 54-1 at 2.) Given this history, altering Defendant's sentence would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or "afford adequate deterrence." 18 U.S.C. § 3553(a).

Thus, Defendant has failed to meet the high bar required to justify early release pursuant to the FSA, and his Motion must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties